**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ELDER JIMINEZ PEREZ,

      Petitioner,

v.

                                     Case No. 1:26-cv-00436-MIS-JHR

GEORGE DEDOS, in his official capacity as
Warden, Cibola County Correctional
Facility; MARY DE ANDA-YBARRA, in
her official capacity as Acting Field Office
Director, El Paso Field Office, U.S.
Immigration and Customs Enforcement;
TODD M. LYONS, in his official capacity as
Acting Director, Immigration and Customs
Enforcement; KRISTI NOEM, in her official
capacity as Secretary of the Department of
Homeland Security; and PAMELA BONDI,
in her official capacity as Attorney General of
the United States,

      Respondents.

**<u>ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS</u>**

THIS MATTER is before the Court on Petitioner Elder Jiminez Perez's Verified Petition

for Writ of Habeas Corpus ("Petition"), ECF No. 2, filed February 17, 2026.

On March 5, 2026, the federal Respondents filed a Response to the Petition.  ECF No. 6.

Therein, counsel for Respondents acknowledges that the facts of this case are "substantially

similar" to <u>Duhan v. Noem</u>, No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2,

2026), <u>id.</u> at 2, and that "this Court's decision in <u>Duhan v. Noem</u>, would control the result here if

the Court adheres to that decision, as the facts are not materially distinguishable for purposes of

the Court's decision on the legal issue of which statutory provision authorizes Petitioner's

detention[,]" <u>id.</u> at 3.  Counsel did not distinguish this case from other cases this Court has decided

recently involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  Id. at 2-3.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 6.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Therefore, it is **HEREBY ORDERED** that:

1.      The Verified Petition for Writ of Habeas Corpus, ECF No. 2, is **GRANTED**;

2.      Respondents are **ORDERED** to immediately release Petitioner Elder Jiminez Perez from custody/detention without restraints beyond those that existed before his unlawful detention;

3.      Respondents **SHALL RETURN** all of Petitioner's seized belongings to Petitioner including, but not limited to, any government-issued identification or immigration documents, such as a state driver's license or Employment Authorization Document to the extent such items were seized and remain in Respondents' possession;

4.      Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

5.      Respondents **SHALL** file a Notice of Compliance with this Order as soon as practicable after Petitioner's release;

6.      The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3